IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| A&E AUSTIN 1, LTD. | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:21-cv-01031 |
| | § | |
| NATIONWIDE GENERAL INSURANCE | § | |
| COMPANY | § | |
| *Defendant.* | § | |

## NOTICE OF REMOVAL

Defendant Nationwide General Insurance Company ("Defendant"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the lawsuit captioned *A&E Austin 1, LTD v. Nationwide General Insurance Company*; Cause No. 2021CI19106 ; In the 166th Judicial District of Bexar County, Texas.

## I.
## BACKGROUND

1.      Plaintiff A&E Austin 1, LTD (hereinafter "Plaintiff") initiated the present action by filing its Original Petition in Cause No. 2021CI19106 ; In the 166th Judicial District of Bexar County, Texas on September 9, 2021 (the "State Court Action").  *See* Plaintiff's Original Petition, attached as **Exhibit A**.

2.      Defendant appeared and answered on October 22, 2021, asserting a general denial to the claims and allegations made in Plaintiff's Original Petition.  *See* Defendant's Original Answer, attached as **Exhibit B**.

3.      Pursuant to 28 USC § 1446(a) all a copy of all process, pleadings, and orders served upon Defendant in the State Court Action are incorporated in **Exhibit A**.  A full copy of the state court file has been requested and will be filed upon receipt.

4.     Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendant will give written notice of the removal to Plaintiff through its attorney of record, and to the clerk of the 166th Judicial District Court of Bexar County, Texas.

5.     Pursuant to 28 USC §§ 1446(b)(1) and 1446(c)(1) this Notice of Removal has been timely filed within 30 days of service on Defendant of Plaintiff's Original Petition and less than one year after the commencement of this action.

## II.
## JURISDICTION

6.     This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is removable to this Court pursuant to 28 U.S.C. § 1441 because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

**A.     Diversity of Parties**

7.     Plaintiff is a Texas domestic limited partnership based in San Antonio, in Texas. Citizenship of a limited partnership is determined by the citizenship of its members.[1] A diligent search of publicly available information on the members of A&E Austin 1, LTD has been conducted and Eric and Allison Stocker of San Antonio, Texas are the only two individuals identified as current or former members. A&E L.C. #1, a Texas domestic limited liability company, is also identified as a current or former member. A diligent search of publicly available information on the members of A&E L.C. #1has been conducted and Eric and Allison Stocker of San Antonio, Texas are the only two individuals identified as current or former members.

---

[1] *MidCap Media Finance,* 929 F.3d at 314; *Harvey*, 542 F.3d at 1080.

8.     After a diligent search of publicly available information, Eric and Allison Stocker of San Antonio, Texas are citizens of the State of Texas. No other members of A&E Austin 1, LTD or A&E L.C. #1 were discovered through a diligent search and review of publicly available records and Nationwide has no reason to believe that any members share the citizenship of Nationwide. Based on information and belief after diligent inquiry, and pursuant to 28 U.S.C. § 1332(a), Plaintiff A&E Austin 1, LTD is a citizen of the state of Texas.

9.     Nationwide General Insurance Company is organized under the laws of Ohio and maintains its principal place of business in Ohio.  Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Nationwide is a citizen of the State of Ohio.

10.    Accordingly, there is complete diversity between the parties pursuant to 28 U.S.C. § 1332(a).

**B.     Amount in Controversy**

11.    It is facially apparent from Plaintiff's live petition that the amount in controversy in this case exceeds $75,000 rendering removal proper. Generally, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."[2] Removal is proper if it is "facially apparent" from the complaint that the claims asserted exceed the jurisdictional amount.[3] In addition, penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy.[4]

---

[2]     28 U.S.C. § 1446(c)(2); *see also Santiago v. State Farm Lloyds*, No. 7:13-CV-83, 2013 WL 1880845, at *1 (S.D. Tex. May 3, 2013).

[3]     *Puckitt v. Wells Fargo Bank, N.A.*, No. G-09-0056, 2010 WL 2635626, at *3 (S.D. Tex. June 28, 2010) (citing *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

[4]     *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

12.     Here, Plaintiff seeks "monetary relief over $1,000,000." **Exhibit A**, Plaintiff's Original Petition, at ¶ IV. The threshold for diversity jurisdiction, $75,000, is therefore met by the allegations of Plaintiff's Original Petition

13.     Plaintiff further seeks compensation for (1) actual damages, 2() consequential damages, (3) treble damages, (4) attorney's fees; and (5) pre- and post-judgment interest. **Exhibit A**, Plaintiff's Original Petition, at ¶ Prayer.  Plaintiff has alleged that Defendant's conduct was wrongful and done knowingly, entitling it to a trebling of actual damages under Texas Insurance Code Chapter 541.  *See* **Exhibit A,** ¶ VI; Tex. Ins. Code sections 541.002 & 541.152.  Penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy.[5]

14.     The amount in controversy plainly exceeds $75,000, exclusive of interest and costs. *See* **Exhibit A**.  Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

### III.
### CONCLUSION

15.     Removal of this action under 28 U.S.C. § 1441 is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

16.     WHEREFORE, Defendant Nationwide General Insurance Company hereby provides notice that this action is duly removed.

---

[5]     *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

Respectfully submitted,

*/s/ Patrick M. Kemp*
Patrick M. Kemp
Texas Bar No. 24043751
pkemp@smsm.com
Robert G. Wall
Texas Bar No. 24072411
rwall@smsm.com
Segal McCambridge Singer & Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

**ATTORNEYS FOR DEFENDANT
NATIONWIDE GENERAL INSURANCE
COMPANY**

<u>**CERTIFICATE OF SERVICE**</u>

This is to certify that a true and correct copy of the foregoing instrument has been served electronically via CM/ECF and certified mail this the 22nd day of October, 2021 to:

Matthew R. Pearson                                    ***#9414 7266 9904 2178 2226 23***
Carrie D. Holloway
Pearson Legal PC
425 Soledad, Suite 600
San Antonio, Texas 78205
mpearson@pearsonlegalpc.com
cholloway@pearsonlegalpc.com

*/s/ Patrick M. Kemp*
Patrick M. Kemp