UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**A&E AUSTIN 1, LTD.,**

   *Plaintiff,*

**v.**                                  **Case No.  SA-21-CV-01031-JKP**

**NATIONWIDE GENERAL INSUR-
ANCE COMPANY,**

   *Defendant.*

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Nationwide General Insurance Company's (Nationwide) Motion for Summary Judgment and Motion for Judgment on the Pleadings. *ECF Nos. 19,23.* Plaintiff A&E Austin 1, Ltd. (A&E) responded. *ECF Nos. 21.* Upon consideration, the Court concludes the Motion is DENIED.

### UNDISPUTED FACTUAL BACKGROUND

This case arises from an insurance claim made on a replacement-cost, commercial policy (the Policy) for damage arising from a hailstorm that occurred on May 27, 2020. A&E submitted the insurance claim for hail damage to the Property's roof and HVAC equipment through its public adjuster, James King ("King") of Blackstone Claims Services. Nationwide assigned adjuster Angela Greene, who was supervised by her manager Kirk Varner. Greene communicated with King on July 27, 2020, when he confirmed he was claiming hail damage to the roof of the property. King provided a letter stating the claim was being made on a Replacement Cost Value basis. Greene retained a national independent adjusting firm to conduct an inspection of the

property, AllCat Claims Service, which then assigned the file to independent adjuster Todd Kounse. Kounse inspected the property on August 3, 2020, and recorded his observations and photographs in a report, which noted he observed no signs of hail damage to the roof, but he did observe hail damage to the A/C fins on five HVAC units and hail dents to the casings on two of the HVAC units. During Kounse's inspection, King disagreed with Kounse's findings, and pointed out areas on the roof surface that King claimed were hail damage. Kounse photographed and identified these specific areas in his report to Nationwide, but opined the identified marks were not consistent with hail damage. Kounse advised King his estimate was subject to the review and approval of Nationwide, and he had no authority to settle the claim.

On August 4, 2020, Green reviewed Kounse's report and estimate and drafted a claim decision letter acknowledging the hail damage to the HVAC units but noting the estimated value of that damage, $574.31, was less than the policy's $27,040 deductible. Greene's letter further explained that King's claimed damage to the roof surface and ponding water issues at the rear of the roof was related to wear and tear and faulty design and workmanship. Greene provided a summary of the applicable policy language which excluded these damages. Greene sent the claim decision letter to King on August 7, 2020 and invited him to contact her if he had any questions. No further contact was received, and on September 2, 2020 the file was closed.

Ten months later, on June 2, 2021, Nationwide received a pre-suit notice and demand letter from A&E's counsel, which included an estimate from Jim Irmiter of Forensic Building Science for building interior repairs due to water damage, exterior repairs and a roof replacement. Greene retained a forensic engineering firm ProNet on June 12, 2021 to evaluate the interior and exterior damage claims. On July 11, 2021, Greene received and reviewed the findings of forensic engineer Wyatt Hardenberg of ProNet engineering. Hardenberg opined there was no functional

damage to the roofing and building envelope as the result of hail or wind on May 27, 2020, and long-term and on-going water intrusion had occurred through pre-existing openings. Green and Varner determined A&E presented no information to change Nationwide's position on the insurance claim.

A&E brought suit on September 9, 2021 alleging breach of contract and violation of the Texas Insurance Codes 541 and 542.[1] Nationwide brings seeks judgment on the pleadings under Federal Rule 12(c), as well as summary judgment under Federal Rule 56.

### 1.   Motion to Dismiss Pursuant to Federal Rule 12(c)

A motion brought pursuant to Federal Rule 12(c) is "designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, at 312 (5th Cir. 2002); *Hebert Abstract Co., Inc.*, 914 F.2d 74, 76 (5th Cir. 1990). In considering a Rule 12(c) motion to dismiss, the Court must assume all material facts pled by Plaintiff is true and must resolve all inferences in Plaintiff's favor. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citing *Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997)).

The standard for dismissal under Federal Rule 12(c) is the same as that for dismissal for failure to state a claim under Federal Rule 12(b)(6). *Johnson v. Johnson*, 385 F. 3d 503, 528 (5th Cir. 2004) (citing *Great Plains Trust Co.,* 313 F.3d 313 n.8). This Court will accept the facts asserted in Plaintiff's complaint as true and view them in the light most favorable to the Plaintiff. *Johnson*, 385 F.3d at 529. Dismissal under Federal Rule 12(c) will be granted only when the Plaintiff would not be entitled to relief under any set of facts consistent with the complaint. *Id.*

---

[1] A&E also sought declaratory judgment and a cause of action under Texas Insurance Code §§541.060(a)(6), 542.055 and 542.056 but abandoned these causes of action in its Summary Judgment Response. *ECF No. 21, p. 10, fn.30; p. 17, fn. 33; p. 18, fn.34.*

"Thus, the inquiry focuses on the allegations in the pleadings and not on whether the plaintiff actually has sufficient evidence to succeed on the merits." *Ackerson v. Bean Dredging, LLC*, 589 F. 3d 196, 209 (5th Cir. 2009) (quoting *Ferrer v. Chevron Corp.*, 484 F.3d 776, 782 (5th Cir. 2007)).

Review of the Motion and Responses reveal the parties dispute material facts, and the parties attach evidence to support their positions. In addition, this litigation is well past the discovery and dispositive motions deadlines. Under these facts, consideration of a Federal Rule 12(c) motion is improper. *See Great Plains*, 313 F.3d, at 312.

In addition, when, on a motion under Federal Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the Court, the motion must be treated as one for summary judgment under Rule 56. FED. R. CIV. P. 12(d). Nationwide presents the Court with evidence to support its position and intertwines and routinely shifts between its arguments based on Federal Rules 12 and 56. This presentation of argument and evidence is improper.

For these reasons, the Court will treat Nationwide's filing as a Motion for Summary Judgment and will consider Nationwide's arguments and evidence presented pursuant to Federal Rule 56. Accordingly, to the extent it is presented, Nationwide's Motion for Judgment on the Pleadings is DENIED.

## 2. Motion for Summary Judgment

### LEGAL STANDARD

Summary judgment is appropriate if the record shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Rodriguez v. Pacificare,*

*Inc.*, 980 F.2d 1014, 1019 (5th Cir. 1993).[2] "A fact is material only if its resolution would affect the outcome of the action." *Wiley v. State Farm Fire & Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009). A genuine dispute for trial exists if the record taken as a whole could lead a reasonable trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 355 (5th Cir. 2010). Because there must be a genuine dispute of material fact, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 247-48 (1986).

The moving party bears the initial burden of informing the court of the basis for the motion and of identifying those portions of the record which demonstrate the absence of a genuine dispute of material fact or the appropriateness of judgment as a matter of law." *Celotex Corp.*, 477 U.S. at 323; *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 163 (5th Cir. 2006). The movant is not required to negate the elements of the nonmovant's case but may satisfy its summary judgment burden by demonstrating the absence of facts supporting specific elements of the nonmovant's cause(s) of action. *Little v. Liquid Air Corp.*, 37 F. 3d 1069, 1075, 1076 n. 16 (5th Cir. 1994).

To satisfy this burden, the moving party must provide affidavits or identify any portion of the pleadings, discovery or admissions that demonstrate the absence of a triable dispute of material fact. *Celotex Corp.*, 477 U.S. at 323; *Rodriguez*, 980 F.2d at 1019. "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014).

---

[2] Although 2010 amendments replaced "issue" with "dispute," the summary judgment standard "remains unchanged." Fed. R. Civ. P. 56 advisory committee notes (2010 amend.).

If the movant carries its initial burden, the burden shifts to the nonmovant to present competent summary judgment evidence showing the existence of a genuine dispute of material fact. *Matsushita*, 475 U.S. at 586-87; *see also* Fed. R. Civ. P. 56(c). Upon the shifting burden, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston, Tex.*, 337 F.3d 539, 541 (5th Cir. 2003); *see also Eason v. Thaler,* 73 F.3d 1322, 1325 (5th Cir. 1996). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which this evidence raises a genuine dispute of material fact. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)(citing *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir. 1994)). Further, should the nonmoving party fail "to address or respond to a fact raised by the moving party and supported by evidence, the court may consider the fact as undisputed" and "[s]uch undisputed facts may form the basis for a summary judgment." *Broadcast Music*, *Inc. v. Bentley*, SA-16-CV-394, 2017 WL 782932, at *2 (W.D. Tex. Feb. 28, 2017).

In determining the merits of a motion for summary judgment, a court has no duty to search the record for material fact issues or to find a party's ill-cited evidence. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012); *Ragas*, 136 F.3d at 458. In addition, a court may not make credibility determinations or weigh the evidence and must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150 (2000); *Boudreaux v. Swift Transp. Co.*, *Inc.*, 402 F.3d 536, 540 (5th Cir. 2005).

## DISCUSSION

### 1.  Breach of Contract

Nationwide contends it is entitled to summary judgment on A&E's breach of contract cause of action because A&E made its insurance claim under the Replacement Cost Provision of the Policy. By the Policy terms of the Replacement Cost Provision, Nationwide contends it was not obligated to pay until A&E repaired or replaced the damaged property, and it was not obligated to pay for more than the amount A&E actually spent for repair or replacement. Although A&E pled that it made repairs, it did not disclose evidence of the amount it spent for repair or replacement, nor did A&E disclose evidence it did repair or replace the damage.

In the alternative, Nationwide contends, although it chose not to do so, A&E was entitled to elect to have the loss or damage settled on an Actual Cash Value basis, which is "the cost to repair or replace Covered Property, at the time of loss or damage… with material of like kind or quality…." However, A&E disclosed no evidence of the Actual Cash Value of its damage claims, nor the value of that damage at the time of loss. Nationwide contends A&E refused to answer discovery seeking a disclosure of the Actual Cash Value of its claimed damages. Because A&E has no evidence of the Actual Cash Value of the damaged property, it cannot seek recovery on an Actual Cash Value basis.

This Court finds persuasive *Devonshire Real Estate & Asset Management, LP v. American Insurance Co.*, No. 3:12-CV-2199, 2014 WL 4796967, *4-*8 (N.D. Tex. Sep. 26, 2014), in which the court addressed the issue of when an insurer becomes obligated to pay under a policy's replacement cost provision, as it pertained to a different insurance coverage dispute. In its resolution, the Court cited the long-standing proposition, "when a promisor wrongfully prevents a con-

7

dition from occurring, that condition is excused." *Id.* (citing *Mendoza v. COMSAT Corp.*, 201 F.3d 626, 631 (5th Cir. 2000)). The *Devonshire* opinion explained that in the context of a replacement cost provision in an insurance contract, there are two timing issues that should not be mis-ordered. First, a replacement cost provision *does* require the insured to repair alleged damage before the insurer becomes obligated to pay for that repair. Second, if coverage is forfeited by not making the repair within the contractual time for doing so, and the insurance company caused a delay past that contractual deadline, the insurance company cannot use the deadline as an excuse for its failure to pay. Importantly, the insurer remains liable to pay for alleged damage if the insurer interfered with the insured's ability to comply with the policy terms by wrongfully denying a claim. *Id.* at *7 (collecting cases illustrating that strict compliance with the policy timing requirements is not required where the insurance company completely denies the claim, preventing repairs); *see also Kabir Marina Grand Hotel, Ltd. v. Landmark Am. Ins. Co.*, No. 2:18-CV-00237, 2022 WL 19517466, at *5 (S.D. Tex. Jan. 18, 2022).

Similarly, this reasoning applies in this context even though the repair-deadline provision is not the subject of these parties' dispute. Applying the same reasoning in *Devonshire* and *Kabir Marina*, Nationwide's argument for summary judgment fails pursuant to the terms of the Policy. In its recitation of the facts under which this suit arises, Nationwide states it acknowledged hail damage to the HVAC units was covered under the Policy; however, the value of the damage was less than A&E's deductible amount. For this reason, Nationwide would not pay for this covered damage. With regard to the other alleged damage to the Property, Nationwide's position during the claims process and through this litigation is all other claimed hail damage was not covered under the Policy because it was related to uncovered wear and tear and faulty design and workmanship.

A&E's breach of contract cause of action is based upon Nationwide's assessment that the alleged damage was not covered under the Policy, and consequently, Nationwide's refusal to pay for the reported hail damage. Nationwide does correctly cite the Policy's replacement cost provision, which states Nationwide "will not pay on a replacement cost basis for any loss or damage: (i) Until the lost or damaged property is actually repaired or replaced; and (ii) Unless the repairs or replacement are made as soon as reasonably possible after the loss or damage." *ECF No. 19-2, p. 50; p. 29 of Policy*. Thus, the Policy terms dictate that Nationwide must only pay on a replacement cost basis after A&E completes repairs. However, the Policy's "Loss Payment" provision, which Nationwide cites to support its argument for summary judgment, begins with, "In the event of loss or damage covered by this policy:…" *Id.*

Based upon this language, the replacement cost provision upon which Nationwide relies becomes effective only when damage is "covered by this policy." Here, Nationwide denied coverage. Hence, at this time, there exists a genuine dispute whether the alleged hail damage is "covered by this policy." This genuine dispute of material fact must be determined first to ascertain whether Nationwide wrongfully denied coverage. Only then may there be determination whether the parties satisfied any obligation under the replacement cost provision.[3] *See Kabir Marina Grand Hotel, Ltd.,* 2022 WL 19517466, at *5; *Devonshire Real Estate & Asset Management, LP*, 2014 WL 4796967, *4-*8.

Because a genuine issue of material fact exists whether the alleged damaged is covered under the Policy, Nationwide cannot invoke the requirements under the replacement cost provision to

---

[3] In general, courts deny summary judgment on a breach of contract cause of action when there is a genuine dispute of material fact whether the insurer failed to perform under the policy contract. *Wall v. Safeco Ins. Co. of Indiana*, No. SA-21-CV-0622-JKP, 2023 WL 2776070, at *2 (W.D. Tex. Apr. 4, 2023); *Wheeler v. Safeco Ins. Co.*, No. SA-21-CV-00343-XR, 2022 WL 1295288, at *5 (W.D. Tex. Apr. 29, 2022); *Tri Invs., Inc. v. United Fire & Cas. Co.*, 553 F. Supp. 3d 400, 408 (S.D. Tex. 2020).

support summary judgment on the breach of contract cause of action. Nationwide's Motion for Summary Judgment will be denied on the breach of contract cause of action.

### 2.  Violation of Texas Insurance Code § 542

To begin, Nationwide begins by arguing it is entitled to summary judgment because A&E failed to plead sufficient facts to support this cause of action. As stated previously, Nationwide conflates a Motion for Judgment on the Pleadings with this Motion for Summary Judgment and conflates the legal standards applicable to both. As stated previously, if matters outside the pleadings are presented, a motion filed pursuant to Federal Rule 12(c) will be treated as a motion for summary judgment. Fed. R. Civ. P. 12(d). Therefore, this Court will not address Nation-wide's arguments that it is entitled to summary judgment based upon any failure to properly plead a cause of action (*ECF No. 19, pars. 25,26,34*), but will only address the arguments based upon any undisputed evidence or entitlement to summary judgment as a matter of law.

Nationwide contends it is entitled to summary judgment on A&E's extra-contractual causes of action for violation of Texas Insurance Code §§542.055 and 542.056 because the undisputed evidence shows it acknowledged the claim, spoke with A&E's public adjuster four days later, conducted inspection through an independent adjuster six days later and denied coverage four days following the inspection. *ECF No. 19, p. 16*. Nationwide provides an affidavit from Varner to support these assertions. As this is the only argument Nationwide presents, it effectively con-tends these facts demonstrate a *per se* violation of Texas Insurance Code §§542.055 and 542.056.

Nationwide's argument is are vague and conclusory. Although Nationwide provides an affi-davit as evidence, it provides no basis for this Court to ascertain how this affidavit stating these purported facts supports summary judgment in its favor as a matter of law. Consequently, Na-

tionwide fails to satisfy its initial burden of informing the court of the basis for the motion and of identifying those portions of the record which demonstrate the absence of a genuine dispute of material fact or the appropriateness of judgment as a matter of law. *See Celotex Corp.*, 477 U.S. at 323. Although the summary-judgment burden does not pass to A&E based upon Nationwide's failure to satisfy its initial burden, in response, A&E presents argument and supporting evidence of genuine disputes of material facts that preclude summary judgment on these causes of action.

Nationwide's Motion for Summary Judgment on these causes of action will be denied.

### 3. Violation of Texas Insurance Code § 541.060

A&E asserts extra-contractual causes of action for violation of Texas Insurance Code §§ 541.060(a)(2) and 541.060(a)(7). Nationwide contends it is entitled to summary judgment on these causes of action because they require the same predicate for recovery as a common law bad faith cause of action. A bad faith cause of action is subject to the bona fide dispute rule, which excuses an insurer's liability in tort if it held a reasonable basis for denial of coverage. Nationwide presents evidence it contends establishes a "prima facie showing of a reasonable basis for its claim decision based on its investigation," and contends A&E has "no evidence to support its contention Nationwide's investigation was flawed or its liability reasonably clear."

A&E contends Nationwide's claims file, itself, is evidence it did not have a reasonable basis for its claim decision, and the timeline in which it inspected and denied the insurance claim indicates its investigation was flawed and result oriented.

In Texas, whether an insurer's liability is reasonably clear is not a question of law. *Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 56 (Tex. 1997). Courts may decide the issue as a matter of law when there is no conflict in the evidence; however, when each party presents supporting evidence, the issue whether an insurer's liability is reasonably clear becomes a fact question. *Id.*

11

Here, Nationwide contends there is no evidence to support A&E's extra-contractual causes of action under § 542. A&E presents some evidence, though scant, to support its position Nationwide's claim decision and investigation were not reasonable. With its evidence, A&E creates a genuine dispute of material fact. *See Wall v. Safeco Ins. Co. of Indiana*, No. SA-21-CV-0622-JKP, 2023 WL 2776070, at *2 (W.D. Tex. Apr. 4, 2023); *Universe Life Ins. Co. v. Giles*, 950 S.W.2d at 56.

The Court will deny summary judgment on these causes of action.

**4. Attorney Fees**

Nationwide contends it is entitled to summary judgment on A&E's request for attorney fees because all the supporting causes of action fail under this Motion for Summary Judgment. This Court denies summary judgment on all of Nationwide's asserted bases. For this reason, this contention fails as well.

**CONCLUSION**

For the reasons stated, this Court DENIES Nationwide's Motion for Summary Judgment. The parties' objections to summary judgment evidence are DENIED.

It is so ORDERED.
SIGNED this 1st day of August, 2023.

JASON PULLIAM
UNITED STATES DISTRICT JUDGE